SAUFLEY, CJ., concurring. [¶ 36] I must reluctantly concur in the court’s opinion, particularly given the child’s attachment to her foster family in Maine,. I write separately, however, because the State’s delays in establishing a solid contact schedule with the Massachusetts family have led to the sad result that Paisley will be deprived- of the opportunity to grow up in an available family with her biological siblings. [¶ 37] I do not underestimate the complexity of scheduling visits between an infant and a family that is not local, nor do I question the reasons for placing a child in a location close to her parent for reunification purposes. And Paisley is certainly fortunate ' to have been placed in a foster. home where she is loved and has been well cared for. [¶ 38] Nonetheless, had the Department acted more expeditiously and more assertively to establish a relationship between Paisley and the family of her sisters, she could have been adopted into the same family and had the benefit of a childhood and ■ adolescence spent with her own sisters. The value of that family connection appears to have been lost in the Depart: ment’s slow response to the Massachusetts family’s availability, and those actions have cost this child dearly. [¶ 39] The Legislature has explicitly established kinship placement as a high priority for children who cannot be raised by their parents: “Recognizing that the health and safety of children must be of paramount concern and that the right to family integrity is limited by the right of children to be protected from abuse and neglect and recognizing also that uncertainty and instability are possible in extended foster home or institutional living, it is the intent of the Legislature that this chapter ... [p]lace children who are taken from the custody of their parents with an adult relative when possible,” 22 M.R.S. § 4003(3-A) (2017). By urging the consideration of kinship care, the Legislature has certainly signaled that a home where a child’s siblings reside should be considered for placement when possible.[8] [¶ 40] Especially in light of the tragedies caused by the opioid addiction epidemic, it is important to honor the Legislature’s purpose to provide for the early placement of children whose parents cannot care for them with other family members so that the children can grow up with a strong sense of family identity and are not deprived of the lifetime connection that a childhood and adolescence shared with siblings or other relatives can provide, . A more explicit consideration of sibling placement by the Legislature would be helpful. See also 22 M.R.S. §§ 4036-B(3-A), 4038-C(3) (2017).